IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NATHAN JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-063 |
| | ) | (Formerly CR 106-108) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Nathan Jones filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

I. **BACKGROUND**

In an indictment returned August 10, 2006, a grand jury in the Southern District of Georgia charged Petitioner in one count with bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). United States v. Jones, CR 106-108, doc. no. 1 (S.D. Ga. Aug. 10, 2006) (hereinafter "CR 106-108"). The Court appointed counsel under the Criminal Justice Act to represent Petitioner, and on December 5, 2006, Petitioner pleaded guilty to the one charge brought against him. Id., doc. nos. 35-37.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guidelines imprisonment range at 151 to 188 months. PSI ¶ 69. Because Petitioner had two previous felony convictions for crimes of violence and one felony controlled substance offense at the time of his federal conviction, his base offense level was thirty-two, as required by U.S.S.G. § 4B.1 for a career offender, rather than twenty, as set under U.S.S.G. § 2B3.1(a) for robbery. PSI ¶¶ 17, 25. That base level decreased three points to twenty-nine based on Petitioner's acceptance of responsibility. PSI ¶¶ 25-27. The statutory maximum term of imprisonment for Petitioner's offense is twenty years. 18 U.S.C. § 2113(a); PSI ¶ 68.

No objections were filed to the PSI, and at sentencing on April 30, 2007, United States District Judge Dudley H. Bowen, Jr., imposed a sentence of 151 months of imprisonment, the bottom of the Guidelines range. CR 106-108, doc. nos. 46, 48. Petitioner did not file an appeal.

Then, on June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that although he was not sentenced under the ACCA, because his sentence was enhanced under a provision of the advisory sentencing Guidelines which contains the same language as the provision of the ACCA declared void by the Supreme Court in Johnson, he is entitled to be resentenced without the Guidelines enhancement. (See generally doc. no. 1.)

## II. DISCUSSION

Johnson does not apply to Petitioner's case. As explained above, Petitioner had two previous felony convictions for crimes of violence and one felony controlled substance offense at the time of his federal robbery conviction. Therefore, he was categorized as a career offender under § 4B1.1 of the advisory sentencing guidelines, and his base offense level was automatically set at thirty-two. PSI ¶¶ 25, 29-35. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without the career offender enhancement. See id.; see also United States v. Kirk, No. 13-15103, 2016

WL 335937, at *2 (11th Cir. Jan. 28, 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA